F. L. TAYLOR AND LUMBERMEN'S MUTUAL CASUALTY COMPANY v.. E. M. HUNT.

(Filed 30 April, 1958.)

APPEAL by plaintiffs and by defendant from *Craven, S. J.,* at September 1957 Term, of MOORE.

TAYLOR *v.* HUNT.

Civil action originally instituted by plaintiff F. L. Taylor to recover for personal injuries, and property damage allegedly sustained by him in a collision about 10 A.M., on 10 November, 1955, between a motor vehicle operated by him, and one operated by defendant, as result of negligence of defendant.

Defendant answering denies material allegations of the complaint and pleads contributory negligence of plaintiff, and interposes a counterclaim for personal injuries, and property damage allegedly sustained by him in said collision, as result of negligence of plaintiff Taylor. Plaintiff in reply denies material allegations of the counterclaim, and sets up plea of contributory negligence.

On an appeal from the refusal of the lower court to allow motion to strike, this Court in opinion reported as *Taylor v. Hunt,* 245 N.C. 212, 95 S.E. 2d 589, ruled that, since plaintiff F. L. Taylor had accepted compensation under the Workmen's Compensation Act, the action, which had been instituted within six months of the injury, could not be maintained in the name of plaintiff F. L. Taylor unless the complaint disclosed that the action was instituted in the name of the employee by either the employer or insurance carrier.

Thereafter, Lumbermen's Mutual Casualty Company, insurance carrier of the employer of F. L. Taylor, was, by its consent, made a party plaintiff to the action to prosecute same in name of F. L. Taylor by it as insurance carrier under provisions of G.S. 97-10, and to that end it adopted the complaint filed by F. L. Taylor.

And defendant Hunt answering the complaint so adopted, adopts and reasserts all the allegations of his answer theretofore filed to the original complaint, to which plaintiffs replied, denying in material aspects the averments of the answer and plead contributory negligence of defendant.

The case coming on for hearing, and being heard, at September Term 1957, of Superior Court, in accordance with stipulation of attorneys for the parties, was submitted to the jury on evidence adduced. Of the six issues so submitted, the first was as to whether plaintiff Taylor was injured and damaged by the negligence of defendant Hunt as alleged in the complaint, and the fifth was as to whether defendant Hunt was injured and damaged by the negligence of plaintiff Taylor as alleged in the answer and counterclaim.

The jury answered each of these two issues "No". And the jury did not answer the issues as to contributory negligence of plaintiff as alleged in the answer, or as to any of the three issues as to damages.

Thereupon the court entered judgment that plaintiffs recover nothing against defendant by reason of matters and things alleged in the complaint; and that defendant recover nothing of plaintiff F. L. Taylor on the counterclaim set up in the answer of defendant.

To judgment so entered, and to the signing thereof, both plaintiffs and defendant except and appeal to Supreme Court, and assign error.

*H. F. Seawell Jr., David H. Armstrong for plaintiffs, appellants.*
*W. D. Sabiston, Jr., for defendant.*

PER CURIAM. The record of case on appeal discloses that there were only two eye-witnesses to the collision of motor vehicles here involved—the plaintiff F. L. Taylor, and defendant E. M. Hunt. And careful consideration of their testimony reveals conflicting accounts of the accident and events immediately preceding.

Thus the evidence is in conflict as to speed of the cars or motor vehicles, as to their position on the highway at the moment of impact, as to the skidding of defendant's car, and as to whether defendant ran off the highway and on to the shoulder on his side just prior to the collision.

Now as to *Plaintiff's Appeal*: These appellants group and present for consideration forty-five assignments of error, based upon exceptions of like number. Of these ten are abandoned by reason of failure of supporting argument in brief. Rule 28 of Rules of Practice in Supreme Court. And all other assignments of error have been carefully considered, and prejudicial error is not made to appear. Indeed, there is evidence to support the issues submitted to and answered by the jury. No new principle is involved.

And as to *Defendant's Appeal*: While defendant assigns as error alleged failure of trial judge to charge the jury, as required by G.S. 1-180, in respect to the fifth issue, it is stated in his brief that he was content to settle with the "draw verdict" of the jury; but if plaintiffs are entitled to a new trial, so is he. Therefore, the Court finding no error on plaintiffs' appeal, takes defendant at his word, and makes like decision on his appeal.

Each party will pay cost of his statement of case on appeal, and of briefs filed, and each will pay one-half remaining cost of the appeal.

On Plaintiffs' Appeal: No Error.
On Defendant's Appeal: No Error.